---

[No. 9,340. Department Two.—August 28, 1884.]
THE PEOPLE, RESPONDENT, *v.* SOUTHERN PACIFIC RAILROAD COMPANY, APPELLANT.

FEDERAL COURTS—JURISDICTION—REMOVAL OF CAUSES.—The Federal Constitution and acts of Congress do not authorize the removal from a State court to a federal court, of an action brought by the State to recover taxes levied against the property of a corporation organized under its laws.

APPEAL from a judgment of the Superior Court of the county of Los Angeles.

The facts appear in the opinion of the court.

*Glassell, Smith & Patton,* for Appellant.

*Smith, Brown & Hutton,* and *S. M. White,* for Respondent.

THORNTON, J.—This action was brought in the Superior Court of Los Angeles County, by the people of the State of California, against the railroad company above named, to recover State and county taxes levied and assessed for the fiscal year 1880–81, etc. The defendant filed its answer and a petition and bond to have the case removed for trial to the Circuit Court

of the United States for the Ninth Circuit. The bond was in form in accordance with law. The petition made the answer a part of it. The answer set forth many defenses under the State law, and also defenses under the fourteenth amendment of the Federal Constitution. The court below refused to approve the bond, proceeded to try the cause, and rendered judgment for the plaintiff.

The question is here presented whether the Federal Constitution and the act of Congress authorizes a removal of an action from a State to a federal court, brought by the State to recover taxes levied under its laws on the property of a being created by its power, in one of its own courts. The removal of the cause, if authorized by the Constitution and laws of the United States, involves the trial of every question which may arise in it, whether involving questions of State or federal law. We nowhere find a provision in the acts of Congress that should the federal court decide that the federal questions are not maintainable, that the case is to be remanded to the State court, that the questions of State law may there be decided, but the federal tribunals retain the case and proceed to pass on every question, whether arising on the enactments of the State legislature, or the Federal Constitution and acts of Congress.

We do not feel authorized to hold that the court below, in not approving the bond offered by defendant, and in going on with the case, erred, in a suit like this by the State, in one of its courts, to recover taxes levied and assessed under its laws, until it has been held by the highest judicial tribunal of the United States, that the removal of such a suit is authorized under the Constitution and laws of the United States.

Judgment affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.

Hearing in Bank denied.